UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD AZPITARTE,  )
                    )  CASE NO. C10-1186Z
        Plaintiff,  )
                    )
    v.              )  ORDER
                    )
KING COUNTY, et al.,)
                    )
        Defendants. )
_____)

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Claims Pursuant to Rule 12(c), docket no. 19. Having reviewed the parties' briefs, declarations, and exhibits, the Court now GRANTS the motion to dismiss.

I. **BACKGROUND**

On October 31, 2007, Plaintiff Richard Azpitarte filed an action in King County Superior Court against King County and twenty individuals; the defendants removed the case to federal court. USDC Case No. C07-1998-JCC. The complaint in that case alleged, inter alia, that King County's enforcement of code violations, including repeatedly sending police officers to Plaintiff's home until April 2002 and posting "do not occupy" tags on his house on September 30, 2005, were

ORDER -1

made in retaliation for his having won a 1989 discrimination suit against the county. Def. Mot. to Dismiss, Ex. 2, ¶¶ 26, 28-42 (docket no. 19-2). The complaint also alleged that King County officials would repeatedly hover a county helicopter over Plaintiff's property to harass him. Id. at ¶ 27. On March 3, 2009, Plaintiff's case was dismissed with prejudice for failure to prosecute, noting a "pattern of unprofessionalism and unreasonable delay throughout [the] entire litigation, from discovery, to motion briefing, to mediation, to the preparation of pretrial statement." USDC Case No. C07-1998-JCC at 11.

On July 29, 2010, Plaintiff filed the present action under 42 U.S.C. § 1983 against seven of the twenty-one defendants named in his 2007 suit. In this action, Plaintiff again alleges harassment in the form of King County repeatedly sending police officers to his home until April 2002 and posting "do not occupy" tags on his home on September 30, 2005. Compl., ¶¶ 12, 15 (docket no. 4). He also alleges that the helicopter harassment "continued until the present." Id. at ¶ 13.

II. **DISCUSSION**

A. **Standard of Review**

In deciding a motion to dismiss, the district court must accept all material allegations in the complaint as true, and construe them in favor of the plaintiff. Wetlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993). Dismissal may be based on a "lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." Ballistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Judgment on the pleadings pursuant to

Fed. R. Civ. P. 12(c) is appropriate when, taking the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. Honey v. Distelrath, 195 F.3d 531 (9th Cir. 1999).

### B. **Plaintiff's Claims Prior to March 3, 2009**

Plaintiff's claims of harassment occurring up until the March 3, 2009 dismissal of his prior suit are barred by res judicata. Also known as claim preclusion, res judicata bars relitigation of claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). In order for res judicata to apply, (1) the claims involved in the second action must be identical to the first; (2) a final judgment on the merits was issued in the first action; and (3) the parties involved in the second action must be identical or in privity. Id. Two suits involve the same claim when (1) the two suits arise out of the same transactional nucleus of facts; (2) rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) the two suits involve infringement of the same right; and (4) the same evidence is presented in the two actions. Mpoyo v. Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005).

First, all of the factual claims of harassment by police officers occurring until April 2002, harassment by hovering helicopter continuing until March 3, 2009, and the posting of "do not occupy" tags on his home on September 30, 2005, are identical to claims the Plaintiff brought in 2007, satisfying the "transactional nucleus of fact" test for whether two suits involve the same claim. Compare Compl., ¶¶ 12, 13, 15 (docket no. 4) with Def. Mot. to Dismiss, Ex. 2, ¶¶ 26, 27, 42 (docket no. 19-2). Although Plaintiff has added claims of constructive eviction and malicious

ORDER -3

prosecution to his current complaint, these claims arise from the same facts as were alleged in the prior action. Second, in the Ninth Circuit a dismissal for failure to prosecute constitutes judgment on the merits for the purpose of res judicata. Johnson v. U.S. Dept. of Treasury, 939 F.2d 820, 825 (9th Cir. 1991). Finally, all of the Defendants in the present action are the same as the defendants in the prior action, although Plaintiff is suing fewer defendants in the current suit.

### C. **Plaintiff's Claim of Ongoing Harassment**

Plaintiff's claim for continuing harassment by helicopter, although not barred by res judicata, is dismissed for lack of a cognizable legal theory. Plaintiff declares that the "harassment by the helicopters continues to the present time." 2 Decl. of Azpitarte, 3 (docket no. 26-1). Although res judicata bars relitigation of the events underlying a previous judgment, claims arising after the date of an earlier judgment are not barred, even when they arise out of a continuing course of conduct that provided the basis for the earlier claim. Frank v. United Airlines, Inc.. 216 F.3d 845, 850 (9th Cir. 2000). Because Plaintiff is alleging a continuing course of conduct, his claim of helicopter harassment occurring after the dismissal of his 2007 suit is not barred by res judicata.

However, Plaintiff has failed to show that the repeated hovering of a helicopter has deprived him of a constitutional right for the purpose of sustaining a claim under 42 USC § 1983. In order to maintain a claim under § 1983, a plaintiff must show "(1) that the conduct complained of was committed by a person acting under the color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." Balistreri, 901 F.2d at 699. Plaintiff has claimed a violation of due process under the Fourteenth Amendment, although he does not elaborate on a theory of how

his rights were violated by the helicopter. To sustain a claim of violation of substantive due process, a plaintiff may show that government action (1) interfered with rights implicit in the concept of ordered liberty; (2) would "shock the conscience"; or (3) was "arbitrary in the constitutional sense." Keller v. Los Osos Community Services Dist., 39 Fed.Appx. 581, 583 (9th Cir. 2002).

In a somewhat similar case, the United States District Court for the District of Massachusetts found that continued harassment by police officers after an arrest, including repeatedly parking police cruisers outside of the plaintiffs' home and tailgating the cars of plaintiffs and their friends, did not create a cognizable claim under 42 USC § 1983. Sullivan v. Marshall, 628 F.Supp. 1080, 1083 (D. Mass. 1985). The court pointed out that "[w]hile the plaintiffs may have alleged a tort under state law, the commission of a tort by a person acting under the color of state law does not create liability [under § 1983] unless there is also a violation of the United States Constitution or a federal law. . . . While it is true that harassment by police officers may impair the enjoyment of life in all its aspects, that is true of many torts with no constitutional implications." Id. Similarly here, the Court finds that, although Plaintiff may have a cognizable tort claim under state law, flying a helicopter over his house does not violate any Fourteenth Amendment right for the purpose of sustaining a claim under § 1983.

///

///

///

### III. **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. All Plaintiff's claims arising prior to March 3, 2009, are dismissed with prejudice. Plaintiff's claims arising after March 3, 2009, are dismissed without prejudice.

IT IS SO ORDERED.

DATED this 22nd day of June, 2011.

_____
Thomas S. Zilly
United States District Judge