UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD AZPITARTE,

        Plaintiff,

   v.

KING COUNTY, et al.,

        Defendants.

C10-1186 TSZ

ORDER

THIS MATTER comes before the Court on defendants' motion for summary judgment, docket no. 74.  Having reviewed all papers filed in support of, and in opposition to, defendants' motion, the Court enters the following order.

**Discussion**

Plaintiff initiated this action in July 2010.  *See* Complaint (docket no. 4).  By Order entered June 23, 2011, docket no. 31, the Court dismissed with prejudice all claims accruing before March 3, 2009, when plaintiff's prior lawsuit involving the same nucleus of facts was adjudicated on the merits.  The Court's ruling was affirmed by the United States Court of Appeals for the Ninth Circuit.  *See* Mandate (docket no. 39).  The only remaining claim in this matter involves plaintiff's allegation that he has been subjected to

ORDER - 1

ongoing harassment by helicopter.  Defendants have analyzed this claim as asserting a substantive due process violation under 42 U.S.C. § 1983.  Plaintiff, however, has also pleaded state law torts, including nuisance and trespass.  <u>See</u> Complaint at ¶¶ 32-37.  The Court need not decipher exactly which legal theories plaintiff is pursuing because the crux of defendants' argument, with which the Court agrees, is that plaintiff has presented no evidence of harassment by helicopter occurring after March 3, 2009.

In response to defendants' motion for summary judgment, plaintiff requested and was granted additional time to present materials.  <u>See</u> Minute Order (docket no. 85).  In his supplemental response[1] and declaration, docket nos. 86, 86-1, and 87, plaintiff devotes most of his attention to facts predating March 3, 2009, which are, as a result of the Court's previous ruling, irrelevant, but he also provides the following dates and times of alleged helicopter flights:  March 12, 2014, at 3:35 p.m.; March 14, 2014, at 2:40 p.m.; September 15, 2014, at 2:49 p.m.; and September 16, 2014, at 2:42 p.m.  Azpitarte Decl. at ¶ 11 (docket no. 86-1).  With regard to the first two dates, plaintiff indicates that the helicopter flights were over "a location in Auburn where [he] was staying," and with respect to the last two dates, plaintiff states only that the helicopter was above "the house."  <u>Id.</u>  Plaintiff has not identified any addresses for these helicopter sightings.  In his deposition, plaintiff mentioned that his sister has a place in Auburn, Azpitarte Dep. at 53 (docket no. 87 at 9), but he has not disclosed where his sister lives, and he has

---

[1] Plaintiff's supplemental response is captioned in part as a motion to remand this case to state court to join it with a parallel proceeding.  Plaintiff's motion, docket no. 86, is DENIED.  This action commenced in this court and therefore cannot be remanded.

ORDER - 2

provided no support for his speculation that defendants knew when he was, or would be, present in his sister's home.  More importantly, plaintiff does not assert that, on the four dates listed, the helicopters remained overhead for any length of time, but rather suggests that the helicopters were simply on their way to a final destination.  Plaintiff has not met his burden of presenting "affirmative evidence," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986), establishing "the existence of an element essential to [his] case," Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In contrast, defendants provide declarations demonstrating the falsity of plaintiff's allegations.  According to her declaration, defendant Sydney Jackson, who plaintiff alleges piloted the helicopter used to harass him, was transferred out of the Air Support Unit in January 2009, and became Chief of Police for the City of Woodinville in January 2010.  Jackson Decl. at ¶¶ 2, 3, 6 & Ex. D (docket no. 76).  Thus, Jackson could not have been involved in any harassment by helicopter occurring on or after March 3, 2009.  In addition, King County Sheriff's Office's Air Support Unit helicopter flight logs for the period from January 2009 to the present reveal no helicopter responses to plaintiff's properties located at 147 or 153 S. 120th in Burien, Washington, and no references to plaintiff by name.  Johnson Decl. at ¶ 4 (docket no. 80) (signed July 10, 2014).  Although plaintiff has contacted the King County Sheriff's Office concerning a variety of matters 26 times since 2009, he has never during this period complained about helicopters flying over his property.  Shelledy Decl. at ¶¶ 4 & 6 (docket no. 79).  Finally, the King County Sheriff's Office has no policy promoting or authorizing harassment of citizens by helicopter, see Jackson Decl. at ¶ 5; Johnson Decl. at ¶ 7; Potter Decl. at ¶ 8

ORDER - 3

1  (docket no. 77), and thus, plaintiff cannot establish the "official policy" or "longstanding
2  practice or custom" required by <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658
3  (1978), to proceed on a § 1983 claim against King County.  The Court concludes that no
4  genuine dispute as to any material fact exists and that defendants are entitled to judgment
5  as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(a).

6  **Conclusion**

7      For the foregoing reasons, defendants' motion for summary judgment, docket
8  no. 74, is GRANTED, and plaintiff's motion to remand, docket no. 86, is DENIED.
9  Plaintiff's remaining claims are DISMISSED with prejudice.  The trial date of
10 December 8, 2014, and all related deadlines are STRICKEN.  The Court DECLINES to
11 award attorney's fees in favor of defendants.  As prevailing parties, however, defendants
12 are entitled to costs pursuant to 28 U.S.C. § 1920, to be taxed in the manner described in
13 Local Civil Rule 54(d).  The Clerk is DIRECTED to enter judgment consistent with this
14 Order and the Order entered June 23, 2011, docket no. 31, to CLOSE this case, and to
15 send a copy of this Order to all counsel of record and to plaintiff pro se.
16     IT IS SO ORDERED.
17     Dated this 8th day of October, 2014.

                                        THOMAS S. ZILLY
                                        United States District Judge

ORDER - 4